## AFFIDAVIT OF SPECIAL AGENT SARAH WHEELDON IN SUPPORT OF AN APPLICATION FOR A CRIMINAL COMPLAINT

I, Sarah L. Wheeldon, having been first duly sworn, do hereby depose and state as follows:

1. I am a Special Agent ("SA") with the Federal Bureau of Investigation ("FBI"), and have been so employed since February 13, 2011. During my career, I have conducted numerous investigations into international terrorism, white collar crime, and child pornography. I am currently assigned to the Lowell Resident Agency out of the Boston Division of the FBI, in which I investigate white collar crimes, as well as the exploitation of children. I have received extensive training in the area of federal criminal and constitutional law and evidence collection. I am a graduate of Rocky Mountain College, where I received my bachelors of science in psychology, and of Montana State University, where I received my master's degree in psychology. Prior to my current employment, I was a Licensed Clinical Professional Counselor.

2. I submit this affidavit in support of a criminal complaint charging Desiree DAIGLE, YOB 1995, of Salisbury, Massachusetts, with one count of sexual exploitation of children, in violation of 18 U.S.C. §§ 2251(a) and (e).

3. The facts in this affidavit come from my personal observations and review of records, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is probable cause to secure a criminal complaint and does not set forth all of my knowledge about this matter. Where statements of others are set forth in this affidavit, they are set forth in substance and in part.

### STATEMENT OF PROBABLE CAUSE

4. On November 15, 2018, Thomas CROSS was arrested and charged by complaint with distribution, receipt, and possession of child pornography, all in violation of 18 U.S.C. § 2252A, following the execution of a search warrant at his home. In the course of his

1

arrest, investigators searched certain pieces of electronic evidence belonging to him. Within that evidence, they observed chats between Cross and a person he identified as Desiree DAIGLE.

5. Agents subsequently obtained a federal search warrant for DAIGLE's residence, 109 Lafayette Road, Salisbury, Massachusetts for evidence, fruits, and instrumentalities of violations of 18 U.S.C. § 2252A. The affidavit submitted in support of that warrant is attached hereto as **Sealed Exhibit A**.

6. Agents and local police executed the search warrant on November 15, 2018, at approximately 7:30 p.m. DAIGLE answered the door when agents arrived. After the home was cleared, DAIGLE was permitted to retrieve extra clothing and accompanied two agents to their van so they could speak while the home was searched.

7. After being advised of and executing a written waiver of her Miranda rights, DAIGLE agreed to speak with agents. The interview was recorded; the following statements are summary in nature.

8. DAIGLE admitted to using both Kik and Wickr[1] to chat with other individuals, but claimed that she could not recall her Wickr screen name. DAIGLE specifically acknowledged using both applications to speak with a person whose screen name was "Alex," but whom she knew as Tom.[2] DAIGLE informed agents that she was introduced to Tom by a third party, and that they started communicating a couple of days prior to the interview.

---

[1] Wickr is a free instant messaging application that allows users to exchange end-to-end encrypted and content-expiring messages, including photos, vides, and file attachments. Kik Messenger, commonly called Kik, is a similar messaging application known for its features preserving users' anonymity, such as allowing users to register without providing a telephone number.

[2] Cross's Kik screen name is Alex.

2

9. DAIGLE admitted receiving child pornography videos and images separately from both Tom and the third party who introduced them. DAIGLE also admitted to sending those videos and images to both Tom and the third party. DAIGLE denied creating any child pornography.

10. When agents asked whether DAIGLE cared for any children, she told agents that her friend had a 10-month-old daughter (hereinafter, "Minor A") whom she babysat. DAIGLE indicated that she had only babysat Minor A twice, both times of which were a couple of weeks prior to the interview for approximately five hours at a time, and at DAIGLE's home. She said that her boyfriend was present at times.

11. Near the end of the interview, DAIGLE acknowledged that the previous day, she had a conversation with Tom on Wickr in which Tom suggested he wanted to take Minor A to a hotel room so that he could ejaculate on her. She said that she went along with it, but that they did not have a specific timeline or detailed plans.

12. In the course of reviewing certain evidence located on one of Cross's phones, agents observed a folder labeled with the true first and last name of Minor A. Some of the images in that folder include the following:

    a. mmg_0319.jpg: This image depicts an apparently female hand with blue fingernail polish using her thumb and forefinger to spread apart the labia of a naked female infant. The child is lying on top of an open diaper, and a small portion of a patterned blanket is visible underneath her.[3]

---

[3] This image is available for the Court's review.

    b.    mmg_0317.jpg: This image depicts Minor A, holding a diaper off to the side of her body. Her naked genitalia is the primary focus of the image and her face is visible.[4] The same distinctively patterned blanket is visible underneath her.

    c.    mmg_0316.jpg: This image depicts the naked genitals of a female child who appears to be under the age of three. The child's hands are touching her genitals. The child is laying on top of a differently-patterned blanket.[5]

13. During the execution of the search warrant, agents observed that DAIGLE was wearing blue nail polish. The nail polish appears to be similar in hue to the nail polish depicted in the image describe above, but is significantly worn off and only remained on certain fingers of one of DAIGLE's hands.

14. During the execution of the search warrant, agents also observed and seized two distinctively patterned blankets, which appear to be those depicted in the images described above.

---

[4] This image is available for the Court's review. Cross indicated that he received this image from the third party; Cross received a similar image, referenced in paragraph 12b of Sealed Exhibit A, during a November 14, 2018 Wickr chat with the person whom he identified as DAIGLE.

[5] This image is available for the Court's review. Minor A's mother identified Minor A (YOB 2017).

4

## CONCLUSION

15. Based on all of the foregoing information, I submit that there is probable cause to believe that on an unknown date between on or about October 26, 2018, and on or about November 14, 2018, DAIGLE did knowingly employ, use, persuade, induce, entice, and coerce a minor, "Minor A," to engage in any sexually explicit conduct for the purpose of producing any visual depiction of such conduct and the visual depiction was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and attempted to do so, in violation of 18 U.S.C. §§ 2251(a) and (e).

Sworn to under the pains and penalties of perjury,

Special Agent Sarah L. Wheeldon
Federal Bureau of Investigation

SUBSCRIBED and SWORN to before me on November 16, 2018.

HONORABLE MARIANNE B. BOWLER
UNITED STATES MAGISTRATE JUDGE

I have reviewed the images referenced in paragraph 12 above, and I find probable cause to believe that the image depicts minors engaged in sexually explicit conduct. The Affiant shall preserve said image for the duration of the pendency of this matter, including any relevant appeal process.

HONORABLE MARIANNE B. BOWLER
UNITED STATES MAGISTRATE JUDGE